UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRIGORE SAPTESATE., Plaintiff, v. STEPANYAN NARINE, et al., Defendants. | No. 2:26-cv-01824-DC-CKD (PS) ORDER |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). A pro se complaint filed by plaintiff Grigore Saptesate (ECF No. 1) is before the court for screening. Plaintiff also filed an application to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The court grants plaintiff leave to proceed in forma pauperis ("IFP").

**I. Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000).

## II. Plaintiff's Allegations

The complaint indicates this action is related to or arises out of two cases in state court—one involving plaintiff's 2021 car accident and one involving plaintiff's son and a 2022 dog bite. (ECF No. 1 at 3.) Plaintiff alleges the superior court and both opposing attorneys violated state and federal laws. (Id. at 5.) Plaintiff asks this court to "please solve" those cases. (Id. at 3.)

## III. The Complaint Must be Dismissed

Plaintiff's complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The complaint does not contain factual allegations describing the specific actions or omissions that any defendant took relating to plaintiff's claims. The court is unable to discern what causes of action plaintiff intends to bring against whom or what factual allegations support those causes of action. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The complaint also fails to establish this court's jurisdiction over any claim related to plaintiff's state court cases. Federal courts are courts of limited jurisdiction and can only adjudicate those cases which the United States Constitution and Congress authorize the courts to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The presumption is that federal courts lack subject matter jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Id.

Plaintiff has not stated a claim for a civil rights violation under 42 U.S.C. § 1983 to give rise to federal question jurisdiction. See 28 U.S.C. § 1331. First, plaintiff does not allege any specific violation of constitutional rights or federal law. See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'") (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979)). Second, nothing in the complaint indicates any defendant[1] was acting "under

---

[1] The complaint names three individuals. The complaint's allegations do not make clear what role the named individuals played in the violations alleged, but the court infers at least two of the three individuals may be plaintiff's counsel and opposing counsel.

color of state law" for purposes of a section 1983 claim. See Simmons v. Sacramento County Super. Ct., 318 F.3d 1156, 1161 (9th Cir.2003) (holding that the plaintiff could not sue a private opposing counsel under section 1983 because "he is a lawyer in private practice who was not acting under color of state law"). There is no authority that a private attorney, for example, acts under color of state law merely because he is licensed by the state bar to practice law, and conclusory allegations of state action are insufficient. See Simmons, 318 F.3d at 1161.

For the reasons set forth above, plaintiff has not stated a claim and it further appears he cannot state a claim based on the underlying facts. In addition, plaintiff is informed that federal courts lack jurisdiction to exercise appellate review over final state court judgments. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine prevents "a party losing in state court... from seeking what in substance would be appellate review of the state judgment in a United States district court." Henrichs v. Valley View Dev., 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). The Rooker-Feldman doctrine may bar any challenge plaintiff has to any state court judgment. See Busch v. Torres, 905 F. Supp. 766, 771 (C.D. Cal. 1995).

Finally, to the extent plaintiff seeks to have this court intervene in ongoing state court proceedings, it appears likely that Younger abstention would apply. Younger abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alteration in original) (quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)).

Since the complaint does not make clear the factual basis for plaintiff's claims, the court will allow plaintiff an opportunity to amend to correct the deficiencies identified herein. The court also notes plaintiff attached to the complaint approximately 45 pages of exhibits, unincorporated by reference to any specific page numbers and unexplained by any allegations in the complaint. Although the court liberally construes pro se complaints and will consider exhibits attached to a

complaint, plaintiff cannot rely on the content of exhibits to state a claim. See Samtani v. City of Laredo, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017); Johnston v. CDCR Health Care, No. 1:21-CV-01322-JLT-BAM-PC, 2022 WL 183432, at *1 (E.D. Cal. Jan. 20, 2022). Accordingly, in any amended complaint, plaintiff must include specific factual allegations that state a claim for relief.

**IV. Order**

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a) (leave to amend should be freely given when justice so requires). An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend.

3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: August 4, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sapt26cv1824.scrn